RECEIVED

APR 1 1 2016

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF
# THE STATE OF MISSOURI

| | | |
|---|---|---|
| DORISE ROBINSON | ) | |
| LETHA ROBINSON-WINTERS | ) | |
| ASHLEY BOOKER | ) | |
| TIARA BOOKER | ) | |
| OPHELIA BOOKER | ) | |
| DIANNE WASHINGTON | ) | |
| LENORA WASHINGTON | ) | |
| EBONY WILLIAMS | ) | **CLASS ACTION COMPLAINT** |
| GLORIA WINSTON | ) | |
| KIMBERLY WINSTON | ) | |
| NATALIE WINSTON | ) | **JURY TRIAL DEMAND** |
| JASMINE CALVIN | ) | |
| JENICE CHATMAN | ) | |
| CHRISTEL GIVINS | ) | |
| DAVION HARRIS | ) | |
| DORIS HOUSE | ) | |
| MARGO HUMPHREY | ) | |
| ASHLEY LACY | ) | |
| LAWANDA R. MOSS | ) | |
| ALEXIS McCAINE | ) | |
| ANDREA RAYNER | ) | |
| SANDRA RAYNER | ) | |
| NATHANIEL ROBINSON | ) | |
| DEVANSHE SANDERS | ) | |
| MICHAEL SCOTT | ) | |
| VIANNA SCOTT | ) | |
| CANDACE SHOWERS | ) | |
| RAKAYAH TAYLOR | ) | |
| AMBER WASHINGTON | ) | |
| JAMES ROBINSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STARWOOD HOTEL & RESORTS WORLDWIDE, INC./ | ) | |
| WESTIN CROWN CENTER AND MANAGEMENT | ) | |
| | ) | |
| Defendants. | ) | |

1

<u>**INTRODUCTION**</u>

**COMES NOW**, the Plaintiffs, as adults over the age of 21, by and through counsel and on behalf of themselves and all others similarly situated, including those with minor children for their causes of action against Defendant(s), Starwood Hotel & Resorts Worldwide, Inc./Westin Crown Center and Management, hereinafter referred to as SHR and Westin, alleges as follows:

<u>**SUMMARY OF THIS ACTION**</u>

1. Plaintiffs are African-American women and men residents of the State of Missouri, residing in St. Louis City and County, and for those who are with minor children, bring this action to seek redress for injuries that they all suffered because of Defendants' racially, sex, discriminatory denial of public accommodations, the right to contract, harassment, retaliation and violations of the Disability Act of 1990 as a class.

2. Defendant, SHR and Westin, offers public accommodations at hotel in Kansas City, Missouri and in the City of St. Louis.

3. On April 11, 2014, Plaintiffs arrived at Westin (around 12:30 A.M.) Hotel in Kansas City, Missouri, in two (2) school buses, and paid as hotel guests. Westin knew Plaintiffs would arrive by school buses. This was communicated to Westin by Plaintiff, Dorise Robinson, coordinator for the trip, by phone in St. Louis City.

4. On the morning of April 11, 2014 through April 13, 2014, Defendant denied Plaintiffs the use and enjoyment of the benefits, privileges, terms and conditions that they extended to all other similarly situated guest and invitees.

5. Defendant(s) SHR and Westin further denied equal access for accommodations by refusing to provide services, by providing inferior services, failing to provide reasonable accommodations to individual's entry and exit, for him or her, those with minor children, to the use enjoyment of public accommodations and to those who had

2

disabilities.

6. Defendant(s) SHR and Westin denied accessible, to persons with a disability, set different terms or conditions to all Plaintiffs for service of public accommodations and refused to make reasonable modification to their policies, practices and procedures in order to make their services available to people with or without disabilities.

7. Defendant(s) SHR and Westin harassed and retaliate by continuing the denial of equal access to public accommodation after being notified by a member of their night management on April 12, 2014 by email, to the day management to halt such actions. After the day management acknowledged receipt of the email notification, the day management retaliated by ignoring the email as instructed, continued to deny Plaintiffs reasonable accommodations, in total disregard for their health, safety and welfare.

8. Defendant(s) SHR and Westin by refusing and denying reasonable accommodations, in retaliation, subjected Plaintiffs and their minor children, by not allowing access and exit to load and unload in the driveway into the front door. Plaintiffs had to cross major busy streets, during rush hour traffic, to gain entrance back and forth into the Hotel and on different occasions with luggage and personal items; for themselves and for their minor child. This was in total disregard to their health, safety and welfare, after being instructed on April 12, 2014 by night management's email to day management to halt such actions, which management ignored and retaliated the next day. On April 13, 2014 Defendant(s) SHR and Westin denied Plaintiffs equal access to load their luggage on to the busses to leave the hotel. In the sprinkling rain named Plaintiff with disability Sandra Rayner and others with disabilities, Plaintiffs and those with small children were told by management in retaliation from complaints about whites having access in front, while in the hotel's drive way to exit, gain entrance, to unload and load from their cars, vans, subs, trucks, and from Defendant (s) SHR and Westin's shuttle buses they

3

had to "load up across the street to go home." Despite the fact it had started to rain and all Plaintiffs had luggage those with disabilities and those with small children had no choice but to endure farther harassment, retaliation and denied equal access to public accommodations to go home in total disregard to their health safety and welfare.

9. Defendant (s) SHR and Westin, breached their contract with Plaintiffs and discriminated against them in violation of the Civil Rights Act of 1866, 42 U.S.C. Section 1981, Title III ADA 1990 and Missouri Revised Statute Chapter 213 Human Rights Section 213.010 and 213.065 Discrimination in Public Accommodations Prohibited and in retaliation to opposing discrimination in violation of Missouri Revised Statue 213.070. 2.

## JURISDICTION AND VENUE

10. The Court has primary jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. Section 1331, Section 1343(a)(4) and Title III ADA 1990. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to Missouri Revised Statute Chapter 213 Human Rights Section 213.010 and 213.065 Discrimination in Public Accommodations Prohibited.

11. Venue is proper in the Eastern District of Missouri, pursuant to 28 U.S.C. Section 1391 because the events giving rise to these claims occurred in this District (1) where the offer for services was made by Defendant (s) SHR and Westin in St. Louis City, Missouri, (2) Defendant (s) SHR and Westin are both doing business in St. Louis City, Missouri and (3) form non-convenience to all Plaintiffs to litigation in Kansas City, Missouri and (4) there are common questions of laws and facts to all parties.

## PARTIES

4

12. Representative named Plaintiffs satisfy all elements of Rule 23(a) numerosity, commonality, typically and adequacy of representation.

13. The named Plaintiffs seeks Class certification to Rule 23(c)(1) in their District Court in a timely manner by motion.

14. Although the number of Class members can be no larger than 30-40, named Plaintiffs seek the Statute of Limitation to be tolled against any absent Class member during relevant time period. The named Plaintiffs 'claims are typical of the absent members.

15. Named Plaintiff's, as to Rule 23, further states:

(1) Individual adjudication would prejudice party opposing the Class (b)(1)(A)

(2) Individual adjudication would prejudice Class members themselves (b)(1)(B)

(3) Declaratory relief is proper on a Class-wide basis (b)(2)

(4) Common question of fact or law predominate and Class Action is superior device for adjudication (b)(3).

16. At all times, mentioned named Plaintiffs, are African-American men and women those with minor children who reside in St. Louis City and St. Louis County, are representative of the Class. The named Plaintiffs, as persons discriminated against by Defendant (s) due to their race, sex, disabilities are representative of the Class and an ascertainable class that is comprised of Missouri applicants, who suffered and will continue to suffer from emotional, damages from race discrimination, harassment, retaliation and denial of equal rights to public accommodations commented by Defendant (s) in violation of state of Missouri Human Rights laws and Civil Rights. Whether the Defendant (s) have committed these violations are questions of law and fact that are common to each member of the Class.

17. Starwood Hotel & Resorts Worldwide, Inc. is a corporation organized under the laws of the State of Connecticut in Stanford.

5

18. Westin Hotel & Resorts is a corporation organized under the laws of the State of New York in White Plains.

19. The primary purpose of Defendant, Starwood Hotels & Resorts Worldwide, Inc., (herein referred to SHR), is to own, operate, and franchise hotels and motels that offer accommodations to the public.

20. Defendant (Westin) is a New York corporation. Upon information and belief, Defendant SHR owns, manages, operates, and does business as Starwood Hotels & Resorts Worldwide, Inc./Westin Crown Center in Kansas City, Missouri, One East Pershing Road, 64108. A hotel that offers accommodations to the public. Westin is a franchise of SHR.

21. In connection with all Plaintiffs and the circumstances described herein, Defendant, Westin, acted as the actual or apparent agent of Defendant SHR. Plaintiffs believe and understand that they were doing business with the owner of the brand name Westin which is Defendant SHR.

22. Defendant, SHR, also publicly advertises customer service commitment for their shared values, "**promises**". Starwood's values are:

    1. Go the Extra Step

    2. Play as a Team

    3. Do the Right Thing

We take to uphold these promises in every interaction, including those with our guests. Defendant, Westin, adds the publicly advertised "**promise**" of preserving wellness during travel. None of these promises where provided to Plaintiffs.

## FACTS

23. Several weeks, before arrival by two (2) school buses to Westin, on April 11, 2014, named Plaintiff, Dorise Robinson had reserved a number of rooms for all Plaintiffs

6

offered by Defendants. Westin knew that Plaintiffs would arrive on school buses, because there would be large number of children to celebrate Dorise Robinson's 2 year-old sons' birthday.

24. Upon arrival, on April 11, 2014, all Plaintiffs accepted Defendant (s) SHR and Westin's offer and paid in advance for the hotel stay through April 13, 2014 by cash and/or credit cards.

25. Defendant(s) SHR and Westin denied two (2) female bus drivers, Letha Robinson-Winters and Margo Humphrey, as Plaintiffs, reasonable accommodations by refusing to accommodate for their health, safety and welfare, in that both drivers at all times had to park their bus over four (4) blocks away in a designated parking area by Westin; at night, and had to walk back to the Hotel in a rainstorm and dimly lighted streets at night. The Hotel management and security, from April 11, 2014 through April 13, 2014, refused to provide shuttle service when asked by either bus driver throughout their stay.

26. Defendant(s) SHR and Westin security when asked, told the two (2) bus drivers only if they were threatened or in danger, could they ride the shuttle. Both Letha Robinson-Winters and Margo Humphrey, being from out of town, not familiar with the area, on April 11, 2014 through April 13, 2014, had to rely on Defendant(s) SHR and Westin Hotel house employees to catch a ride on the back of their trash carts compartment areas, to and from parking areas designated by Westin, four (4) blocks from Hotel. Defendant (s) SHR and Westin failed to provide reasonable accommodations and denied equal access to Westin's designated parking spaces.

27. Defendant(s) SHR and Westin knew there would be about 30 adults or more and at least 40 or more children that would attend various attractions through Kansas City, Missouri, and LEGOLAND adjacent to the hotel. LEGOLAND was a key attraction,

7

being next door to Westin. Defendant(s) SHR and Westin take pride in being publicly accommodating next door to LEGOLAND, a national attraction to young adults and children.

28. Defendant(s) SHR and Westin treated Plaintiffs and their guests differently in a place of public accommodation because of race. Defendant denied Plaintiffs the use and enjoyment of the benefits privileges, terms and conditions that it extends to all other similarly situated guests and invitees. Defendants made up false and pretextual reasons for its treatment of Plaintiffs and their invitees because of race. A female concierge at Westin told Plaintiff James Robinson "that no bus has ever parked in the driveway of Westin to load or unload for any reason and would not start for them ". This was overheard by several Plaintiffs as a racial and sex based commit toward Plaintiffs.

29. Defendant(s) SHR and Westin breached its contract with Plaintiffs. Defendant imposed terms and conditions on Plaintiffs' contract that are not imposed on the contracts of other similarly situated hotel guests. Defendant denied Plaintiffs the use and enjoyment the same accommodations, privileges, and benefits that it grants to other similarly situated hotel guests.

30. On April 12,2014 several named Plaintiffs and others attempted to exit the school buses to gain entrance back into the hotel after attending an outing celebrating Dorise Robinson's two-year-old birthday party were told again from April 11, 2014 they could by valet not to stop in front of the hotel because "Baseball Hall of Fame Player LOU BROCK and others were having a convention there and they did not want the dignitaries to see us ". Named Plaintiff Sandra Rayner, other named plaintiffs and in all, Plaintiffs were informed or told this. In any event no Plaintiffs were grain access from the two yellow school buses in to hotel. Named Plaintiff Sandra Rayner and others similarly situated with disabilities in walking, standing, weight problem, shortness of

8

breath, unable to lift or carry heavy items, had to unload with personal items and small children across a main street and walk back into the hotel. In total disregard to the health safety and welfare of all Plaintiffs.

31. Plaintiffs were denied by Defendant(s) SHR and Westin from April 11, 2014 through April 13, 2014 to and from outing to load or unload from the school's buses routinely to gain entrance or exit from the hotel on to the buses.

32. On April 13,2014 Defendant(s) SHR and Westin denied Plaintiffs equal access and had to load their luggage on to the busses to leave the hotel from across the street. In the sprinkling rain, named Plaintiff with disability, Sandra Rayner, and others with disabilities, Plaintiffs and those with small children were told by management and valet in retaliation from complaints about whites being able to unload and load from their cars, vans, SUV's, trucks, to and from the hotel entrance, "they had to load across the street to go home ".

33. As a result of the Defendant(s) SHR and Westin unlawful actions as described above, Plaintiffs have suffered, continue to suffer, and will in the future suffer irreparable loss and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, strain on relationships, and unlawful deprivation of their federally protected rights to exercise and enjoy equal treatment in the making and enforcing of contracts in places of public accommodation without regard for race and/or color.

## CAUSES OF ACTION

## COUNT I

### *Unlawful Discrimination in Violation of 42 U.S.C. § 1981*

34. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

35. By discriminating against Plaintiffs on the basis of their race and sex in the manner set

9

forth. Defendants denied Plaintiffs the same right to enjoy the benefits, privileges, terms, and conditions of contract as is, and was, enjoyed by white citizens, in violation of Plaintiffs' rights under the Civil Rights Act of 1866, U.S.C. § 1981.

## COUNT II

### Unlawful Public Accommodation Discrimination in Violation of MoRS 213.010 and 213.065

36. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

37. By denying Plaintiffs the full and equal enjoyment of the services of a place of public accommodation on the basis of their race and the race and sex in the manner set forth, Defendant has violated MoRS 213.010 and 213.065.

## COUNT III

### Breach of Contract

38. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

39. Defendant breached its contract with Plaintiffs.

## COUNT IV

### Unlawful Discrimination in violation of Title III ADA 1990 28 CFR Section 36.202, 36.203, 36.302 policies and Mo. Revised Practices 213.050 (2)(6)(A)

40. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

41. By denying Plaintiffs the full and equal enjoyment of the services of a place of public accommodation on the basis of their race and sex in the manner set forth, Defendant has violated MoRS 213.010 and 213.065.

"A refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity

10

to use and enjoy a dwelling'... an accessible route into and through the dwelling.

## COUNT V

### *Unlawful Retaliation in Discrimination in violation of Missouri Revised Statute Practices 213.070.*

42. Plaintiffs re-allege and incorporate by reference the above paragraphs, as if fully set forth herein.

43. By retaliating against Plaintiffs for opposing and complaining of Defendants conduct in denying Plaintiffs the full and equal enjoyment of the services of a place of public accommodation on the basis of their race and sex in the manner set forth, to Defendants violations of MoRS 213.010 and 213.065.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that the Court grant the following relief:

Enter a declaratory judgment finding that the foregoing actions of the Defendant violate the Civil Rights Act of 1988, 42 U.S.C. § 1981, Title III ADA 1990 *Title III ADA 1990 28 CFR Section 36.202, 36.203, 36.302 policies*

*Mo. Revised Practices 213.050 (2)(6)(A)* and MoRS 213.010 and 213.065 and 213050(2).

(1) Award compensatory damages to Plaintiffs in an amount to be determined by a jury that would fully compensate Plaintiffs for economic loss, humiliation, embarrassment and emotional distress;

(2) Award punitive damages to Plaintiffs in an amount to be determined by the jury that would punish Defendant for the willful, wanton, and reckless conduct alleged herein and that would effectively deter similar conduct in the future.

(3) Award Plaintiffs their reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1981 and MoRS 213.111.

(4) Order such other relief as this Court deems just and equitable.

11

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues so triable as of right.

Respectfully submitted,

/S/ James C. Robinson

James C. Robinson, #63594
Attorney at Law
P. O. Box 771812
St. Louis, MO   63177
Cell # (314) 922-7451
Fax # (314) 480-7036

12

# AFFIDAVIT BY ATTORNEY OF RECORD

I, _James C. Robinson_, acknowledge that I am the attorney of record for all

Plaintiffs to bring this cause of action. I swear upon my oath that I have read the Petition and

the facts are true to my best knowledge and belief.

I set my hand this ___11___ day of ___April___, 2016.

_#63594_

_____
Affidavit

_____
Notary

Seal

13

| | |
|---|---|
| MICHAEL SCOTT | ) |
| DORISE ROBINSON | ) |
| LETHA ROBINSON-WINTERS | ) |
| MARGO HUMPHREY | ) CLASS ACTION COMPLAINT |
| SANDRA RAYNER | ) |
| VIANNA SCOTT | ) JURY TRIAL DEMAND |
| CRISTEL GIVINS | ) |
| ETAL, | ) |
| (ALL OTHERS LISTED IN BODY OF PETITION) | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| STARWOOD HOTEL & RESORTS WORLDWIDE, INC./) | |
| WESTIN CROWN CENTER AND MANAGEMENT | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition was mailed to C T CORPORATION SYSTEM at 120 S. Central Avenue, Clayton, MO 63105 on this 11th day of April, 2016. Registered Agent for STARWOOD HOTEL & RESORTS WORLDWIDE, INC.

/S/ James C. Robinson

| | |
|---|---|
| MICHAEL SCOTT | ) |
| DORISE ROBINSON | ) |
| LETHA ROBINSON-WINTERS | ) |
| MARGO HUMPHREY | )   **CLASS ACTION COMPLAINT** |
| SANDRA RAYNER | ) |
| VIANNA SCOTT | )   **JURY TRIAL DEMAND** |
| CRISTEL GIVINS | ) |
| ETAL, | ) |
| (ALL OTHERS LISTED IN BODY OF PETITION) | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| STARWOOD HOTEL & RESORTS WORLDWIDE, INC./) |
| WESTIN CROWN CENTER AND MANAGEMENT | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petition was mailed to <u>CT CORPORATION SYSTEM</u> at <u>120 S. Central Avenue, Clayton, MO 63105</u> on this <u>11</u><sup>th</sup> day of <u>April</u>, 2016. Registered Agent for <u>WESTIN CROWN CENTER AND MANAGEMENT</u>.

/S/James C. Robinson